UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WEATHERFORD TECHNOLOGY HOLDINGS, LLC and WEATHERFORD U.S., L.P. | § § § | |
| | § | CIVIL ACTION NO. 2:17-cv-00456-JRG |
| *Plaintiffs*, | § § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| TESCO CORPORATION, TESCO CORPORATION (US), and TESCO OFFSHORE SERVICES, INC. | § § § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants Tesco Corporation, Tesco Corporation (US), and Tesco Offshore Services, Inc. (collectively, the "Tesco Defendants") file the following answer, affirmative defenses, and counterclaims in response to Plaintiffs Weatherford Technology Holdings, LLC and Weatherford U.S., L.P. (collectively, "Weatherford" or "Plaintiffs") Original Complaint.

The Tesco Defendants answer the allegations in the separately-numbered paragraphs of Plaintiffs' Original Complaint as follows:

1.      The Tesco Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2.      The Tesco Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3.      Tesco Corporation ("TC") admits it is a Canadian corporation having a principal place of business at 11330 Clay Rd. Ste. 350 Houston, TX 77041, that it is authorized to do business in Texas, and that it may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

4.      Tesco Corporation (US) ("TCUS") admits it is a wholly owned subsidiary of TC and is a Delaware corporation with a principal place of business at 11330 Brittmoore Park Drive. Houston, TX 77041, that it is authorized to do business in Texas, and that it may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

5.      Tesco Offshore Services, Inc. ("TOS") admits it is a wholly owned subsidiary of TC and is a Nevada corporation with a principal place of business at 3209 Moss Street Lafayette, LA 70507, that it is authorized to do business in Texas, and that it may be served by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

6.      The Tesco Defendants admit that TCUS has a maintenance facility at 1004 North Longview Street, Kilgore, Texas 75662 that supports its land-based operations and which has no connection whatsoever to the accused product.   The Tesco Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.      The Tesco Defendants admit Plaintiffs have sued them for alleged infringement of one or more claims of a certain United States patent and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

8.      The Tesco Defendants admit this Court has personal jurisdiction over them but deny the remaining allegations in Paragraph 8 of the Complaint.

9.      The Tesco Defendants deny venue is proper within this district in accordance with 28 U.S.C § 1391(b) and (c) and § 1400(b).   The Tesco Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10.     The Tesco Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore deny the same.

11.     The Tesco Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and therefore deny the same.

12.     The Tesco Defendants admit United States Patent No. 7,249,637 ("the '637 Patent") is entitled "Method and Device to Clamp Control Lines to Tubulars" and issued on July 31, 2007, and Exhibit A purports to be a copy of the patent.

13.     The Tesco Defendants deny the '637 Patent is valid, enforceable, or was duly issued in full compliance with Title 35 of the United States Code.

14.     The Tesco Defendants admit the first page of the '637 Patent states that it was filed as Application No. 11/037,800 on Jan. 18, 2005 and claims the benefit of Provisional Application No. 60/536,800, filed on Jan. 15, 2004.

15.     The Tesco Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16.     The Tesco Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17.     The Tesco Defendants acknowledge Paragraph 17 of the Complaint.

18.     The Tesco Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint and therefore deny the same.

19.     The Tesco Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and therefore deny the same.

20.     The Tesco Defendants admit the allegations in Paragraph 20 of the Complaint.

21.     The Tesco Defendants admit the first page of the '637 Patent states that it claims the benefit of U. S. Patent No. 7,073,598.  The Tesco Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.     The Tesco Defendants admit Nicholas Mawford began working for one or more of the Defendants in 2007.  The Tesco Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.     The Tesco Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     The Tesco Defendants admit Mr. Mawford was an officer of Defendant TC's Tubular Services Division, but deny the remaining allegations in Paragraph 24 of the Complaint.

25.     The Tesco Defendants admit the allegations in Paragraph 25 of the Complaint.

26.     The Tesco Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     The Tesco Defendants admit Exhibit B purports to be a copy of a document entitled "Tesco True Results."  The Tesco Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28.     The Tesco Defendants admit Exhibit C purports to be a copy of a document entitled "Real Results."  The Tesco Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29.     Defendant TOS admits the allegations in Paragraph 29 of the Complaint. Defendants TC and TCUS deny the allegations in Paragraph 29 of the Complaint.

30.     The Tesco Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     The Tesco Defendants admit TOS' Pusher Arm is a product within the purview of Defendant TC's Tubular Services Division where Mr. Mawford was at one time Vice President. The Tesco Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32.     The Tesco Defendants admit the allegations in Paragraph 32 of the Complaint.

33.     The Tesco Defendants admit  the allegations in Paragraph 33 of the Complaint.

34.     The Tesco Defendants deny the allegations in Paragraph 34 of the Complaint, but Defendant TOS admits one of its affiliates has supplied its Pusher Arm to non-U.S. markets.

35.     The Tesco Defendants acknowledge Paragraph 35 of the Complaint.

36.     The Tesco Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     The Tesco Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     The Tesco Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     The Tesco Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     The Tesco Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     The Tesco Defendants deny they infringe or knew or should have known that they allegedly infringed the '637 Patent, and deny that Mr. Mawford was aware or should have been aware that the AutoCLAMP is covered by the '637 Patent.   The Tesco Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41 of the Complaint and therefore deny the same.

42.     The Tesco Defendants admit Plaintiffs sent them a letter dated Sept. 13, 2016. The Tesco Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43.     The Tesco Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     The Tesco Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     The allegations in paragraph 45 are in the nature of a prayer requesting relief. Although no answer is required, the Tesco Defendants deny Plaintiffs are entitled to the requested relief.

46.     The allegations in paragraph 46 are in the nature of a prayer requesting relief. Although no answer is required, the Tesco Defendants deny Plaintiffs are entitled to the requested relief.

47.     The allegations in paragraph 47 are in the nature of a prayer requesting relief. Although no answer is required, the Tesco Defendants deny Plaintiffs are entitled to the requested relief.

48.     The allegations in paragraph 48 are in the nature of a prayer requesting relief. Although no answer is required, the Tesco Defendants deny Plaintiffs are entitled to the requested relief.

49.     The allegations in paragraph 49 are in the nature of a prayer requesting relief. Although no answer is required, the Tesco Defendants deny Plaintiffs are entitled to the requested relief.

50.     The allegations in paragraph 50 are in the nature of a prayer requesting relief. Although no answer is required, the Tesco Defendants deny Plaintiffs are entitled to the requested relief.

51.     The allegations in paragraph 51 are in the nature of a prayer requesting relief. Although no answer is required, the Tesco Defendants deny Plaintiffs are entitled to the requested relief.

52.     The allegations in paragraph 52 are in the nature of a prayer requesting relief. Although no answer is required, the Tesco Defendants deny Plaintiffs are entitled to the requested relief.

53.     The Tesco Defendants acknowledge Plaintiffs have demanded a trial by jury.

## DEFENSES AND AFFIRMATIVE DEFENSES

### Failure To State A Claim Upon Which Relief Can Be Granted

1.     With respect to the allegations against each of the Tesco Defendants, Plaintiffs' Original Complaint fails to state a claim upon which relief may be granted.

### Failure to Join Proper Defendants

2.     With respect to the infringement allegations in Plaintiffs' Original Complaint, Plaintiffs have failed to join one or more indispensable parties as defendants in this action.

### Non-Infringement

3.     The Tesco Defendants have not infringed and do not infringe any of the claims of the '637 Patent, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

### Patent Invalidity

4.     The claims of the '637 Patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

**Prosecution History Estoppel**

5.      Because of proceedings in the United States Patent and Trademark Office during the prosecution of the applications that resulted in the '637 Patent, as shown by the prosecution histories thereof, Plaintiffs are estopped to claim a construction of the patent that would cause any valid claim thereof to cover or include any products that are or have been manufactured, used, sold or offered for sale by any of the Tesco Defendants, either literally or under the doctrine of equivalents.

6.      Plaintiffs are estopped by reason of prosecution history estoppel from asserting infringement of '637 Patent under the doctrine of equivalents.

**Patent Misuse**

7.      Plaintiffs have attempted in bad faith and with an improper purpose to impermissibly broaden the physical or temporal scope of the rights granted under the '637 Patent resulting in anticompetitive effect, and thus '637 Patent is unenforceable.

**Bad Faith**

8.      Plaintiffs have brought this suit in bad faith making it an exceptional case, thereby entitling the Tesco Defendants to their costs and attorneys' fees pursuant to 35 U.S.C. § 285.

**Unclean Hands**

9.      Plaintiffs' claim for relief is barred, in whole or in part, by the defense of unclean hands.

**No Irreparable Harm**

10.      Plaintiffs are not entitled to injunctive relieve because, *inter alia*, any injury to Plaintiffs are not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

11.     Plaintiffs' claim for relief is barred, in whole or in part, because Plaintiffs have not suffered any actual damages or harm.

12.     Plaintiffs' damages, if any, were caused by the acts or omissions of third parties over whom the Tesco Defendants exercise no control or right of control.

WHEREFORE, the Tesco Defendants pray that this Court dismiss Plaintiffs' action and enter judgment that Plaintiffs take nothing on their claims against the Tesco Defendants and award the Tesco Defendants their attorneys' fees and costs of defending this action and such other and further relief as to which they may be entitled.

## COUNTERCLAIMS

1.      Tesco Corporation is a Canadian corporation while Tesco Corporation (US) is a Delaware corporation and Tesco Offshore Services, Inc. is a Nevada corporation (collectively, "Tesco").

2.      Upon information and belief, Plaintiff Weatherford Technology Holdings, LLC is a Delaware limited liability company and maintains its principal place of business in Houston, Texas, while Plaintiff Weatherford U.S., L.P. is a Louisiana limited partnership and maintains its principal place of business in Houston, Texas.  As Plaintiffs are the plaintiffs in the above-captioned action, Plaintiffs may be served with a copy of these Counterclaims by serving this document in accordance with Rule 5 of the Federal Rules of Civil Procedure and Local Rule CV-5(a).

3.      This Court has subject matter jurisdiction over Tesco's Counterclaims pursuant to 28 U.S.C. § § 2201-2202, 1338, and 1331.

4.      Based solely on Plaintiffs' filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

5.      A real, immediate, and justiciable controversy exists between Tesco and Plaintiffs.  The controversy relates to the invalidity, non-infringement, and unenforceability of the patent-in-suit, United States Patent No. 7,249,637 ("the '637 Patent").

**Count 1:  Declaratory Judgment of Patent Invalidity**

6.      Tesco incorporates by reference each preceding allegation as though expressly stated herein.

7.      The claims in the '637 Patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

8.      Accordingly, Tesco seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the claims of the '637 Patent are invalid.

**Count 2:  Declaratory Judgment of Non-Infringement**

9.      Tesco incorporates by reference each preceding allegation as though expressly stated herein.

10.      Tesco has not infringed and does not infringe any of the claims of the '637 Patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

11.      Accordingly, Tesco seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that it has not infringed (and does not infringe) any valid claim of the '637 Patent.

**Count 3:  Attorneys' Fees and Costs**

12.     Tesco incorporates by reference each preceding allegation as though expressly stated herein.

13.     Tesco is entitled to a declaration that this is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling it to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this action.

**Jury Demand**

14.     Tesco demands trial by a jury.

**Prayer for Relief**

WHEREFORE, Tesco prays for the following relief:

(a)     a declaration and judgment that U.S. Patent No. 7,249,637 is invalid, and/or not infringed by Tesco;

(b)     a declaration and judgment that this case is exceptional within the meaning of 35 U.S.C. § 285;

(c)     an award of reasonable attorneys' fees and costs incurred by Tesco in this action; and

(d)     such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date:  July 31, 2017

/s/ Charles S. Baker
Charles S. Baker
*Attorney in Charge*
cbaker@lockelord.com
Texas State Bar No. 01566200
Locke Lord LLP
600 Travis, Suite 2800
Houston, TX 77002
Telephone: (713) 226-1200
Facsimile:  (713) 223-3717

**ATTORNEYS FOR DEFENDANTS
TESCO CORPORATION, TESCO
CORPORATION (US), and TESCO
OFFSHORE SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document is being filed on this 31st

day of July, 2017, via the Court's CM/ECF filing system, which will serve a copy electronically

on all counsel of record.

*/s/Charles S. Baker*
Charles S. Baker