# Exhibit A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WEATHERFORD TECHNOLOGY HOLDINGS, LLC and WEATHERFORD U.S., L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>TESCO CORPORATION, TESCO CORPORATION (US), AND TESCO OFFSHORE SERVICES, INC.<br><br>Defendants. | Civil Action No. 2:17-cv-456<br><br>Jury Trial Requested<br><br>REDACTED PUBLIC VERSION |

## DECLARATION OF JAMES BAXTER IN SUPPORT OF WEATHERFORD'S MOTION TO COMPEL

I, J. Boone Baxter, declare:

1. I am an associate with the law firm of Heim, Payne, and Chorush LLP, counsel for Weatherford Technology Holdings, LLC and Weatherford U.S. L.P. ("Weatherford") in the above-captioned matter. I am over the age of 18 and am fully competent to make this declaration. I have personal knowledge of the facts stated herein. They are true and correct.

2. I have read an ▮ email from Brian Kelly, Deputy General Counsel of Tesco, wherein Mr. Kelly states that "▮ units have been produced," referring to Pusher Arms. Mr. Kelly further states that ▮ units have been sold to third-parties and ▮ units remain in the U.S. I can produce a true and correct copy of the email upon the Court's request.

3. On December 11, 2017, I delivered by email to Tesco Weatherford's "Initial Production" letter, wherein Weatherford identifies and requests 21 categories of documents. An excerpt is attached as Exhibit B. Tesco responded by letter dated December 18, 2017, which stated, "As an initial matter, your letter appears to include numerous requests for production prohibited by the Local Rules and our Discovery Order. The Discovery Order, agreed to by Weatherford, expressly comprehends document production without requests for production. Dkt. No. 22 at n.1. Tesco will continue to comply with its discovery obligations, as governed by the Local Rules and the Discovery Order, but no more." Tesco confirmed on a telephonic call on January 3, 2018 that Tesco need not respond to the document requests in Weatherford's Initial Production Letter. I can produce a true and correct copy of Weatherford's Initial Production Letter and Tesco's December 18, 2017 response upon the Court's request.

4. On December 11, 2016, Weatherford served its First Set of Interrogatories to Tesco, containing Interrogatories 1–10. I have read Tesco's responses, which Tesco served on January 12, 2018, and which relied on Rule 33(d) for responses to Interrogatories 1–3. For Interrogatories 1–3, Tesco stated "[s]ubject to the foregoing General and Specific Objections, Tesco responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Tesco will produce [documents/invoices] that should be sufficient to answer this Interrogatory." Tesco did not provide a Bates range or any other way to identify the documents it references. Interrogatory No.

5 generally requests Tesco to identify any variations among the Pusher Arms that would be relevant to infringement. Tesco responded there were "slight modifications," but would not state whether those modifications are relevant to infringement. Interrogatory No. 6 requests Tesco "[e]xplain when, how, and why you developed and commercialized the Pusher Arm." Tesco responded that the "design was based on a review of other tools via surfing the Web" and that the Pusher Arm was sold through "pictorial illustration" prior to 2017. Tesco refused to identify which tools were reviewed on the web, or produce the referenced "pictorial illustration." Weatherford notified Tesco of these deficiencies by letter dated February 2, 2018 and asked for supplemental response and verification on all responses. Tesco responded by letter dated February 9, 2018, wherein Tesco refused to supplement its responses to Interrogatories 1–3, and 6. Tesco indicated a possibility it would supplement Interrogatory No. 5 after the *Markman*. I can produce a true and correct copy of Weatherford's First Set of Interrogatories, Tesco's Responses, Weatherford's Feb. 2, 2018 deficiency letter, and Tesco's Response upon the Court's request.

    5.    Tesco has made three document productions in this case. First, Tesco produced two documents—four pages of mechanical drawings of the Pusher Arm's base, and a three-page "2014 Product Flyer Update." On January 9, 2018, Tesco reproduced the four pages of base drawings, and three documents containing five pages of drawings showing other Pusher Arm components. On January 26, 2018, Tesco produced two invoices for the sale of ▇ Pusher arms, two pictures of what looks to be a Pusher Arm prototype, and two documents that are available on Tesco's website—a still from an animation showing the Pusher Arm in operation, which Weatherford cited in its infringement contentions, and the "Tesco True Results" bulletin that Weatherford attached as Exhibit B to its complaint. The mechanical drawings are dated ▇▇▇▇▇▇▇▇▇▇; ▇▇▇▇▇▇▇▇; ▇▇▇▇▇▇▇▇; or ▇▇▇▇▇▇▇. The mechanical drawings do not appear to match the picture of the Pusher Aro in the Tesco True Results bulletin or the two pictures of the Pusher Arm Prototype. Tesco did not produce any of field tickets, any operation manuals describing the technical operation and features of the Pusher Arm, or its cost. Tesco did not produce any information about the ▇ Pusher Arms that were not

sold to third parties, as referenced in Mr. Kelly's ▮ email. I can produce a true and correct copy of these 11 documents upon the Court's request.

6. In total, Weatherford notified Tesco of its production deficiencies on at least the following occasions: By email on 12/22/17, 2/13/18, 3/23/18; by formal letter on 12/11/17 and 2/2/18; and by telephonic conference on 1/3/18, 2/12/18, and 4/10/2018. Tesco has taken the position in all of these communications that it is not aware of any other relevant materials. I provided to Tesco's counsel an email wherein Tesco's General Counsel stated Tesco made ▮ Pusher Arms. Counsel for Tesco responded "note that [the email] says that ▮ had been manufactured to date, and that ▮ had been SOLD. So apparently there are ▮ in inventory across the world. Moreover, as you should know these are reusable products, so the fact they have been involved in 16 completions should not come as a surprise." I can provide copies of the emails or letters upon the Court's request.

7. As of 2017, Tesco Corporation is an international company that for many years was traded on the NASDAQ under the symbol TESO. According to its 10-K filed with the Security and Exchange Commission in 2017, Tesco has locations in at least the United States, Canada, Russia, United Arab Emirates, Egypt, an Malaysia, and employees more than 1,000 employees. According to the United States Patent Office, Tesco Corporation is assigned 167 patents or published patent applications. I can provide the Court a copy of Tesco's 10-K or the U.S. PTO assignment search upon request.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 27, 2018 in Houston, Texas.

Dated: March 27, 2018          By: */s/ J. Boone Baxter*