**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WEATHERFORD TECHNOLOGY HOLDINGS, LLC and WEATHERFORD U.S., L.P.,<br>*Plaintiffs,*<br>v.<br>TESCO CORPORATION, TESCO CORPORATION (US), AND TESCO OFFSHORE SERVICES, INC.<br>*Defendants.* | CIVIL ACTION NO. 2:17-cv-00456-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE**

Defendants Tesco Offshore Services, LLC (TOSL)(formerly Tesco Offshore Servicers, Inc.), Nabors Drilling Technologies USA, Inc. (NABORS)(formerly Tesco Corporation USA), and Canrig Drilling Technologies Canada, Ltd. (CANRIG)(formerly Tesco Corporation) (collectively "Defendants" or "Tesco") file this response to the motion in limine (Doc. 132) filed by plaintiffs Weatherford Technology Holdings, LLC and Weatherford US, LP (collectively "Weatherford"). Weatherford's in limine requests should be denied. Each request is addressed in turn below:

**1. Weatherford's in Limine Request No. 1: Prevent Defendants from Offering New Testimony that is Inconsistent with Defendants' 30(b)(6) Testimony on Designated Topics.**

Weatherford's first in limine request must be denied because witnesses, including corporate representatives, often give inconsistent testimony at trial. If there is inconsistent testimony, Weatherford's remedy is to use prior inconsistent statements to impeach Tesco's corporate representative during cross-examination. When denying an identical limine request, the Northern District of Illinois succinctly laid out the law on this issue:

> Viskase argues that Grace is bound by its Rule 30(b)(6) deposition testimony as a matter of law. On this basis, Viskase moves to preclude Grace from introducing any evidence that is contrary to statements made in its Rule 30(b)(6) depositions. Once again, Viskase misconstrues the law. <u>It is true that a corporation is "bound" by its Rule 30(b)(6) testimony, in the same sense that any individual deposed under Rule 30(b)(1) would be "bound" by his or her testimony.</u> All this means is that the witness has committed to a position at a particular point in time. <u>It does not mean that the witness has made a judicial admission that formally and finally decides an issue. Deposition testimony is simply evidence, nothing more. Evidence may be explained or contradicted.</u> Judicial admissions, on the other hand, may not be contradicted. *Brown & Root, Inc. v. American Home Assur. Co.*, 353 F.2d 113 (5th Cir.1965), *cert. denied*, 384 U.S. 943 (1966). <u>Viskase ignores the differences between evidentiary testimony and judicial admissions.</u>[1] <u>If a Grace trial witness makes a statement that contradicts a position previously taken in a Rule 30(b)(6) deposition, then Viskase may impeach that witness with the prior inconsistent statement. Viskase's motion is denied.</u>

*W.R. Grace & Co. v. Viskase Corp.*, 90 C 5383, 1991 WL 211647, at *2 (N.D. Ill. Oct. 15, 1991) (emphasis added); *See also Wallace v. Norwegian Cruise Line Ltd.*, 09-21814-CIV, 2011 WL 13112228, at *2 (S.D. Fla. Aug. 26, 2011)(reaching the exact same holding on this exact same issue). This limine request contradicts the basic Rules of Evidence discussed above and should be denied.

**2. <u>Weatherford's in Limine Request No. 2:</u> Any Testimony from Defendants' Untimely Designated Witness, John Walker.**

Weatherford argues that Tesco's corporate representative cannot testify because he was not listed as a witness in Tesco's discovery disclosures (Rule 26(a)(1)(A)(i)). Weatherford's motion should be denied.

First, Tesco will call a <u>corporate</u> representative witness, not a witness in his individual capacity. Tesco did not have a duty to disclose its corporate representative prior to trial. Rule 26 does not require the disclosure of corporate representative witnesses:

> Rule 26 requires a party to "provide to the other parties the name and, if known, the address and telephone number of each *individual* likely to have discoverable information." Fed.R.Civ.P. 26(a)(1)(A)(i) (emphasis added). <u>The text appears to support Defendant's interpretation, that is, limited to individuals and exclusive of</u>

> corporate entities, an exclusion which would necessarily apply to individuals who testify on behalf of corporate entities … Moreover, Defendant's interpretation of Rule 26(a)(1) also comports with the Federal Rules' separate treatment of corporations and individuals during discovery.

*Moore v. Computer Associates Intern., Inc.*, 653 F. Supp. 2d 955, 959 (D. Ariz. 2009); *See also Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217–18 (S.D.N.Y.2003) (holding the word "individual" in Rule 26(a)(1)(A)(i) as making this Rule inapplicable to corporate entities); *Garrett v. Trans Union, LLC,* 2006 WL 2850499, *7 (S.D.Ohio 2006) (holding the disclosure of corporate witnesses is not required under Rule 26(a)(1)).

Second, Tesco's prior corporate representative is unavailable for trial because he will out of the Country in Mexico.

Third, the new corporate representative is only being called to testify about corporate topics Weatherford previously obtained a corporate deposition on, allowing Weatherford to impeach the corporate representative if his testimony is inconsistent with prior Tesco corporate testimony. The District of Colorado recently denied an indistinguishable limine request based on the same argument now advanced by Weatherford. *Sunflower Condominium Association v. Owners Insurance Company*, *16*-CV-2946-WJM-NYW, 2018 WL 4901159, at *5 (D. Colo. Oct. 9, 2018). In *Sunflower*, the Court explained:

> Defendant argues that the testimony from a "surprise witness" identified only as an unnamed representative of Plaintiff should be excluded because Plaintiff is "laying an ambush for [Defendant] at trial." (ECF No. 160 at 6.) According to Defendant, "no local rule or practice standard permits [Plaintiff] to hide the identity of a live trial witness behind a generic designation." (*Id.*) Defendant claims that allowing such testimony will deprive Defendant of the opportunity to cross-examine that witness. (*Id.*)
>
> Plaintiff responds that it is entitled to have a corporate representative sit at counsel's table and testify on behalf of Plaintiff. (ECF No. 169 at 4.) Defendant has already deposed Plaintiff's corporate representative, but that particular individual is for some reason not available to testify at trial. (Id.) Moreover, in its Response, Plaintiff identified Ralph Reed as its corporate representative. (*Id.*)

> <u>The Court agrees that Plaintiff is entitled to have a corporate representative sit at counsel's table and testify on behalf of Plaintiff at trial.</u> Mr. Reed will nonetheless be <u>held to the deposition testimony of Plaintiff's Rule 30(b)(6) deposition witness</u>, as if he had been Plaintiff's Rule 30(b)(6) designee. In other words, Defendant will be allowed, if appropriate, to impeach Mr. Reed based on allegedly inconsistent Rule 30(b)(6) deposition testimony of Plaintiff's former designee. In addition, Mr. Reed will not be permitted to testify on topics not addressed at the Rule 30(b)(6) deposition.

*SUNFLOWER CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation, Plaintiff & Counterclaim Defendant, v. OWNERS INSURANCE COMPANY, Defendant & Counterclaimant.*, 16-CV-2946-WJM-NYW, 2018 WL 4901159, at *5 (D. Colo. Oct. 9, 2018). Similarly, the Middle District of Florida reached this same conclusion:

> The Court finds nothing disruptive about Coach calling [the never previously disclosed] Ms. Bangaree as its corporate representative at trial. Defendants understood Coach would present the testimony of a corporate representative, and they deposed Mr. Lau [previously designated Coach corporate representative], who was expected to serve in that capacity. Coach is now bound by Mr. Lau's deposition testimony, and Defendants may use that testimony for any purpose. *See* Fed.R.Civ.P. 32(a)(3). If Ms. Bangaree's testimony is consistent with Mr. Lau's, then Defendants will not be surprised. If her testimony is inconsistent with Mr. Lau's testimony, then Defendants can use Mr. Lau's deposition testimony to impeach Ms. Bangaree and Coach. For these reasons, the Court finds that Coach's failure to sooner disclose Ms. Bangaree was substantially justified and is harmless.

*Coach, Inc. v. Visitors Flea Mkt., LLC*, 6:11-CV-1905-ORL-22, 2014 WL 2612036, at *3 (M.D. Fla. June 11, 2014). For these reasons, Weatherford's second limine request should be denied.

**3. <u>Weatherford's in Limine Request No. 3:</u> References to the fact that Weatherford Previously Asserted Dropped Claims.**

Weatherford is using non-asserted claims in its damages analysis. Weatherford intends to introduce evidence that it is entitled to lost profits because there are no infringing alternatives - to the patent claims it <u>dropped</u>. Since Weatherford plans to introduce evidence about the dropped claims at trial, Tesco must be allowed to respond. At the center of the evidence relevant to Weatherford's dropped claims is Weatherford's actual decision to drop these claims, which is

strong evidence that Weatherford itself believed these claims to be invalid (or not infringed). A jury should be allowed to weigh this decision by Weatherford.

**4. Weatherford's in Limine Request No. 4: Criticisms of the Patent Office or its Employees.**

Tesco's primary defense and counterclaim is that the asserted patent is invalid. A favorable finding on this point requires the jury to decide whether the PTO properly did do its job. The jury should be allowed to consider the real world facts about the PTO's historical performance, such as each examiner's workload and the PTO's success rate for issuing valid patents. Consistent with other district courts across the Country, this Court has already denied an indistinguishable limine request:

> Defendants may not argue or suggest that the PTO is "dysfunctional" or not diligent, but Defendants may submit PTO workload and efficiency statistics, may argue that the PTO may make mistakes, and may urge that the jury has an independent role in assessing validity.

*Datatreasury Corp. v. Wells Fargo & Co.*, 2:06-CV-72 DF, 2010 WL 11468934, at *11 (E.D. Tex. Oct. 5, 2010)(emphasis added); *See, e.g., GSI Group, Inc. v. Sukup Mfg., Co.*, 641 F. Supp. 2d 732, 735 (C.D. Ill. 2008)("GSI's Motion In Limine to Preclude Sukup from Denigrating the Patent Office or its Examiners (d/e 689) … The Motion is DENIED."); *Knowles Elec., LLC v. Microtronic U.S., Inc.*, 99 C 4681, 2000 WL 310305, at *4 (N.D. Ill. Mar. 24, 2000)(holding motion in limine to "bar evidence attacking the ability of the patent office to properly search the prior art and examine patent applications must be denied."); *Pfizer Inc. v. Teva Pharm. USA, Inc.*, CIV.A. 04-754 (JCL), 2006 WL 5164114, at *1 (D.N.J. Oct. 26, 2006)(denying motion in limine to exclude "testimony concerning PTO Practice.").

This Court routinely plays the Federal Judicial Center Video "An Introduction to the Patent System" (Oct. 2002) to the jury, and this video flat-out states:

> In addition, there is, of course, the possibility that mistakes were made or important information overlooked. Examiners have a lot of work to do and no process is perfect

*Datatreasury Corp.*, 2010 WL 11468934, at *10 (E.D. Tex. Oct. 5, 2010). Since the Federal Judicial Center's video *for the jury* includes such statements, Weatherford's request to include related statements has no legitimate basis.

Granting Weatherford's motion in limine on this point will allow Weatherford to highlight the PTO's "blessing" of the Asserted Patent, while tying Tesco's hands from being able to contest such an assertion. Weatherford's bogus trial tactic should be denied. *MobileMedia Ideas, LLC v. HTC Corp.*, 2:10-CV-112-JRG, 2013 WL 12158524, at *3 (E.D. Tex. Apr. 24, 2013)(granting motion in limine to prevent "reference to patents that have been blessed by the PTO with enhanced validity."); *Datatreasury Corp.*, 2010 WL 11468934, at *11 (same).

**5. Weatherford's in Limine Request No. 5: Products and Third Parties not Accused of Infringement.**

Weatherford is the party that wants to seek lost profit damages, which should require Weatherford to show there are no non-infringing alternatives to the asserted patent claims. However, Weatherford intends to use non-asserted claims as part of its lost profit analysis. Tesco has moved to exclude this lost profit damage testimony.[1] If this testimony is allowed over Tesco's objection, Tesco should be allowed to present evidence of products that existed in the marketplace and are non-infringing alternatives to the asserted patent. This would include evidence relating to products and third parties not currently accused of infringement, and Tesco's decision not to sue these products or third parties.

[1] Doc. 132 at 13 – 14.

Weatherford's limine request in routinely denied. *See, e.g., Loggerhead Tools, LLC v. Sears Holdings Corp.*, 12 C 9033, 2017 WL 4161976, at *1 (N.D. Ill. Apr. 11, 2017)("Plaintiff's motion in limine No. 2 is denied. Defendant Apex is free to introduce physical exhibits, including examples of other products, but only to the extent they illuminate the parties' positions on infringement or validity."); *Radio Sys. Corp. v. Lalor*, C10-828RSL, 2014 WL 4626299, at *3 (W.D. Wash. Sept. 12, 2014)(denying motion in limine to exclude testimony about other products available as noninfringing alternatives).

**6. Weatherford's Motion in Limine No. 6: Arguments that the Lost Profit Analysis is Limited to the Asserted Claims.**

Weatherford's damage expert, Walter Bratic, opined that there are no non-infringing alternatives to patent claims which are no longer asserted. Then, Bratic flipped and opined that a lost-profit damage model is appropriate for claims that are still asserted. Weatherford moves to exclude Tesco from arguing the dropped patent claims are irrelevant and cannot be used to support a lost profits damage model. However, damages are supposed to be assessed on a claim-by-claim basis:

> Google argues that Dr. Cockburn should have conducted a claim-by-claim analysis of damages instead of a patent-by-patent analysis (Br. 9). As such, Google requests that Dr. Cockburn be precluded from apportioning an asserted patent's value among its claims at trial (*ibid.*). This order agrees. The July 22 order stated that a claim-by-claim analysis of damages was needed: "determining the date of first infringement requires a claim-by-claim analysis" (Dkt. No. 230 at 7). There are a number of reasons. *First*, a single patent can include many distinct variations of an invention, each represented by its own claim. Some may be apparatus claims. Some may be method claims. A single patent may include many apparatus claims, again each represented by its own claim. The same is true for methods. An infringer of one claim is compelled by law to pay for a license, via the hypothetical negotiation, for the specific invention represented by that claim but it is not required to pay for a license for the other specific inventions not infringed. Therefore, the hypothetical negotiation must be focused only on negotiating a compulsory license for each claim infringed, not for the entire patent.

*Oracle Am., Inc. v. Google Inc.*, 847 F. Supp. 2d 1178, 1186 (N.D. Cal. 2012)(emphasis added). Tesco should be allowed to present evidence that the dropped claims are not relevant to the damages of the asserted claims.[2]

**7. Weatherford's in Limine Request No. 7: Testimony that Solicits Claim Construction Opinions or Expert Testimony from Lay Witnesses.**

Tesco should be allowed to present cross-examination testimony from the inventors of the asserted patent about their invention. The Federal Circuit routinely rules that this type of inventor testimony is not only allowed, but also helpful to the pertinent issues in an infringement case:

> An inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims. The testimony of the inventor may also provide background information, including explanation of the problems that existed at the time the invention was made and the inventor's solution to these problems.

*Voice Techs. Group, Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 615 (Fed.Cir.1999); *Verizon Services Corp. v. Cox Fibernet Va ., Inc.*, 602 F.3d 1325, 1339–40 (Fed.Cir.2010)("[T]he district court properly allowed testimony from the witnesses about the patents they invented based on their personal knowledge …"); *Knowles Electronics, LLC v. Microtronic U.S., Inc.*, No. 99 C 4681, 2000 WL 310305, at *2 (N.D. Ill. Mar. 24, 2000) (denying motion in limine to bar inventors' testimony when party sought to elicit testimony "about their inventions, what those inventions do, and how they work ... [and] their contributions to the prior art.").

**8. Weatherford's in Limine Request No. 8: Arguments Contrary to the Court's Claim Construction Order.**

Tesco agrees not to present arguments contrary to the Court's Claim Construction Order. However, this does not prohibit Tesco from soliciting testimony about the plain and ordinary

[2] Tesco moved to exclude all testimony relating to dropped claims, including any testimony to recover lost profits. Doc. 132 at 13 – 14.

meaning of patent claim terms which were not construed by the Court. *See, e.g., Agere Sys., Inc. v. Atmel Corp.*, 02-CV-864, 2005 WL 6728528, at *2 (E.D. Pa. Feb. 28, 2005)("[T]he Court will provide both Plaintiff and Defendant with the opportunity to, in the Defendant's own words, 'to present its case to the jury based on its belief as to what the plain and ordinary meaning of the patents' language is.'"); *Silver State Intellectual Techs., Inc. v. Garmin Intern., Inc.*, 2:11-CV-01578-GMN, 2015 WL 2152658, at *1 (D. Nev. May 7, 2015)("Garmin should not be excluded from introducing opinion testimony as to the plain and ordinary meaning of terms not specifically construed by the Court.").

**9. Weatherford's in Limine Request No. 9: Any Arguments or Art Outside Defendants' Invalidity Contentions.**

Tesco's second amended invalidity contentions are its most recent contentions, which trace the invalidity grounds in Tesco's expert report. Tesco agrees not to provide testimony outside its second amended contentions. Tesco does not agree to limit its testimony to early versions of its invalidity contentions. In response to a motion to strike filed by Weatherford, Tesco explained at length that its second amended contentions were timely and should be allowed at trial. [Dkt 114] Tesco incorporates its response by reference.

After the Court's claim construction order, Weatherford materially amended its infringement contentions and theories. This opened the door for Tesco to amend its invalidity contentions in response. Local Patent Rule 3-6(a) specifically grants Tesco leave to amend its contentions in this instance. Weatherford's motion in limine contradicts the purpose of Local Patent Rule 3-6(a). It would be substantially prejudicial to Tesco if Weatherford was allowed to change its infringement position while Tesco is bound by prior invalidity positions. Weatherford's limine request should be denied.

**10. Weatherford's in Limine Request No. 10: References to Defendants' IPR Petition.**

Weatherford's in limine request on this point should be denied because the IPR proceedings make up part of the prosecution history of the asserted patent, and Weatherford's statements in the IPR are admissible as statements by a party-opponent. *See, e.g., Chamberlain Group, Inc. v. Techtronic Indus. Co., Ltd.,* 315 F. Supp. 3d 977, 1006 (N.D. Ill. 2018)(denying motion for new trial based on the court's pre-trial ruling that evidence relating to *inter partes* review proceedings was relevant and could be presented to the jury). This evidence is admissible and relevant even if IPR has not yet been instituted. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.,* No. CV 12-00329, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014) (denying motion *in limine* seeking to exclude evidence of PTO's rejection of IPR petition).

**11. Weatherford's in Limine Request No. 11: References to Weatherford's "hit the pipe" Theory of Infringement.**

Weatherford's expert's theory of infringement is that Tesco's pusher arm performs the "memorizing" step when a human being places a pin in the arm to extend and set its length. However, Defendant's inventor Troy Hill said that "memorizing" occurs when the arm can no longer go forward and "hits the pipe." Tesco must be allowed to present evidence relating to Weatherford's theory of infringement.

**12. Weatherford's in Limine Request No. 12: Claims of False Marking by Naming its Tool the "AutoClamp."**

Weatherford's "AutoClamp" tool is referenced in its pleading, making the issue of why the tool was given this name fair game. Doc. 1 at ¶¶ 19, 26, 28, and 41. Weatherford's expert also gave testimony about this tool's name. A jury should be allowed to weigh the credibility of Weatherford's inventors' decision to name their tool the "AutoClamp." *See Finjan, Inc. v. Secure*

*Computing Corp.,* 626 F.3d 1197, 1212 (Fed. Cir. 2010)("[T]he jury's function is to weigh contradictory evidence, to judge the credibility of the witnesses, and to resolve factual disputes.").

**13. Weatherford's in Limine Request No. 13: Comparisons of the Accused Products to Prior Art.**

The Federal Circuit has ruled that these type of comparison are relevant to issues such as "allegations of copying and willful infringement, to prove lack of intent to induce infringement, and to impeach KCI's [patent owner's] expert's unsubstantiated [opinions]." *Kinetic Concepts, Inc. v. Blue Sky Med. Group, Inc.*, 554 F.3d 1010, 1025 (Fed. Cir. 2009). Practicing the prior art is also a relevant defense to asserted infringement under the doctrine of equivalents. *Cordis Corp. v. Medtronic Ave, Inc.*, No. Civ. 97- 550SLR, 2005 WL 283525 at *2 (D. Del. 2005)(citing *Wilson Sporting Goods Co. v. David Geoffrey & Associates*, 904 F.2d 677, 685 (Fed. Cir. 1990) (overruled on other grounds)); *Petroscan AB v. Mobil Corp.*, No. 95-1109, 1996 WL 91642 at *3 (Fed. Cir. Mar. 4, 1996) ("Because [defendant] is simply practicing the prior art that [plaintiff] sought to distinguish, [plaintiff] is estopped from asserting coverage of [defendant's] process under the doctrine of equivalents."); see also *Rockwell Automation, Inc. v. Wago Corp.*, No. 10-cv-718-wmc, 2012 WL 12359068 at *3 (W.D. Wis. Oct. 4, 2012) (same).

**14. Weatherford's in Limine Request No. 14: Prior Judicial Opinions Pertaining to Mr. Bratic's testimony.**

Weatherford seeks to exclude references about prior negative judicial opinions about its damage expert, Walter Bratic. Federal Rule of Civil Procedure 26(a)(2)(B)(iv) specifically requires an expert to disclose to the opposing party: "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." The purpose of this disclosure requirement is so that a party may impeach an expert based on previously given testimony or opinions. Prior court opinions finding an expert is either unqualified or not credible

are relevant impeachment evidence. It would undermine the purpose of Rule 26(a)(2)(B)(ii) if these types of judicial opinions were not allowed before a jury. When denying an indistinguishable limine request, the Southern District of Mississippi explained:

> The Court finds that in the event Maxwell was previously disqualified or limited by a court from offering opinions on the same issues that he is offering opinions on in this case, then this evidence may be relevant on the issues of credibility and for the purposes of impeachment.

*Bridges v. Enter. Products Co., Inc.*, CIVA 305CV786-WHBLRA, 2007 WL 571074, at *8 (S.D. Miss. Feb. 20, 2007). Tesco must be allowed to cross-examine Bratic on his qualifications of an expert, including any prior opinions relating to damage issues.

Date: October 29, 2018

Respectfully submitted,

**RALEY & BOWICK, LLP**
*/s/ John Wesley Raley*
John Wesley Raley (lead counsel)
Robert M. Bowick
Bradford T. Laney
RALEY & BOWICK, LLP
1800 Augusta Drive, Suite 300
Houston, Texas 77057
713-429-8050 (telephone)
713-429-8045 (facsimile)
rbowick@raleybowick.com
jraley@raleybowick.com
blaney@raleybowick.com

**ATTORNEYS FOR DEFENDANTS TESCO CORPORATION, TESCO CORPORATION (US), AND TESCO OFFSHORE SERVICES, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 29, 2018. Any other counsel of record who has not consented to electric service will be served via facsimile transmission and/or first class certified mail, return receipt requested.

*/s/ John Wesley Raley*
**John Wesley Raley**