**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WEATHERFORD TECHNOLOGY HOLDINGS, LLC and WEATHERFORD U.S., L.P.,<br>*Plaintiffs,*<br>v.<br>TESCO CORPORATION, TESCO CORPORATION (US), AND TESCO OFFSHORE SERVICES, INC.<br>*Defendants.* | CIVIL ACTION NO. 2:17-cv-00456-JRG<br><br>JURY TRIAL DEMANDED |

**RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' CORPORATE REPRESENTATIVE**

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................................1

II. BACKGROUND FACTS ...........................................................................................1

III. WEATHERFORD'S MOTION SHOULD BE DENIED.................................................2

A. Tesco Had no Duty to Disclose its Potential Corporate Representative..................2

1. Rule 26 disclosures do not require a party to name corporate representatives ..................................................................

2. Weatherford's interrogatory was correctly answered, and there was no duty to disclose a corporate representative in Tesco's response..................3

B. The Rules Permit Testimony Under these Circumstances......................................3

C. Weatherford's "Hearsay" Argument........................................................................5

IV. CONCLUSION.........................................................................................................6

# TABLE OF AUTHORITIES

## Cases

*Brazos River Auth. v. GE Ionics, Inc.*,
469 F.3d 416 (5th Cir. 2006). .......... 5, 6

*Coach, Inc. v. Visitors Flea Mkt., LLC*,
6:11-CV-1905-ORL-22, 2014 WL 2612036 (M.D. Fla. June 11, 2014).......... 5

*Garrett v. Trans Union, LLC*,
2006 WL 2850499 (S.D.Ohio 2006).......... 3

*Hooks v. GEICO Gen. Ins. Co., Inc.*,
3:13-CV-891-J-34JBT, 2016 WL 5415134 (M.D. Fla. Sept. 28, 2016).......... 5

*Moore v. Computer Associates Intern., Inc.*,
653 F. Supp. 2d 955 (D. Ariz. 2009) .......... 2

*Riley v. Ford Motor Co.*,
2:09-CV-148-KS-MTP, 2011 WL 3236364 (S.D. Miss. July 27, 2011).......... 5

*SUNFLOWER CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation, Plaintiff & Counterclaim Defendant, v. OWNERS INSURANCE COMPANY, Defendant & Counterclaimant.*,
16-CV-2946-WJM-NYW, 2018 WL 4901159 (D. Colo. Oct. 9, 2018).......... 4

*Zubulake v. UBS Warburg LLC*,
220 F.R.D. 212 (S.D.N.Y.2003) .......... 2

Defendants (collectively "Tesco") file this response to the motion to strike (Doc. 135) filed by Plaintiffs (collectively "Weatherford").

## I. INTRODUCTION

Weatherford's motion moves to strike Tesco's corporate representative as a witness. Weatherford's motion misstates the law and facts relevant to this issue, and should be denied.

Tesco plans to call a corporate representative witness as permitted by case law. He will not be a witness in his individual capacity. Rule 26 does not require the disclosure of corporate representative witnesses, and there are no Weatherford discovery requests on who Tesco anticipatS being its corporate representative at trial. At this time, Tesco anticipates that its trial corporate representative will be either John Walker or Sudodh Saxena (who was recently deposed by Tesco regarding the IPR proceedings).

Tesco's prior corporate representative is unavailable for trial because he will out of the Country in Mexico. Tesco's corporate representative will only be called to testify about corporate topics. Weatherford can impeach him if his testimony is inconsistent with prior Tesco corporate testimony in deposition. If the representative is Mr. Saxena, he can also be impeached with his own personal deposition.

## II. BACKGROUND FACTS

On May 26, 2017, Weatherford sued Tesco for infringement of its '637 patent.[1] Weatherford accuses Tesco's "Pusher Arm" product of infringement.

On December 11, 2017, Weatherford served an interrogatory on Tesco asking the following: "Identify your most knowledgeable employees concerning the marketing, sales, job

[1] Doc. 1.

histories, and operation of the Pusher Arm."[2] Tesco responded to this interrogatory by identifying six witnesses with the most knowledge on this topic.[3]

On July 13, 2018, Weatherford served a notice for a Federal Rule of Civil Procedure 30(b)(6) deposition of a Tesco corporate representative.[4] Weatherford's deposition notice identified 32 corporate representative topics for the corporate representative deposition. Tesco provided multiple corporate representatives to testify about these topics. Weatherford has never complained it did not have a sufficient opportunity to obtain deposition discovery regarding the topics.

## III. WEATHERFORD'S MOTION SHOULD BE DENIED

### A. Tesco Had no Duty to Disclose its Potential Corporate Representative

#### 1. Rule 26 disclosures do not require a party to name corporate representatives.

Rule 26(a)(1)(A)(i)'s witness disclosure requirement only requires the disclosure of individuals, not corporate representatives. The District of Arizona aptly explained this point, when allowing the testimony of a previously unnamed 30(b)(6) corporate representative:

> Rule 26 requires a party to "provide to the other parties the name and, if known, the address and telephone number of each *individual* likely to have discoverable information." Fed.R.Civ.P. 26(a)(1)(A)(i) (emphasis added). The text appears to support Defendant's interpretation, that is, limited to individuals and exclusive of corporate entities, an exclusion which would necessarily apply to individuals who testify on behalf of corporate entities … Moreover, Defendant's interpretation of Rule 26(a)(1) also comports with the Federal Rules' separate treatment of corporations and individuals during discovery.

*Moore v. Computer Associates Intern., Inc.*, 653 F. Supp. 2d 955, 959 (D. Ariz. 2009) (Emphasis added); *See also Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217–18 (S.D.N.Y.2003)

[2] Doc. 135 Exhibit 3 at 7.
[3] Doc. 135 Exhibit 4 at 12.
[4] Doc. 135 Exhibit 15.

(holding the word "individual" in Rule 26(a)(1)(A)(i) as making this Rule inapplicable to corporate entities); *Garrett v. Trans Union, LLC*, 2006 WL 2850499, *7 (S.D. Ohio 2006) (holding the disclosure of corporate witnesses is not required under Rule 26(a)(1)). Rule 26 did not impose a duty on Tesco to disclose its corporate representative by name, since he is only going to be testifying in his capacity as a corporate representative.

**2. Weatherford's interrogatory was correctly answered, and there was no duty to disclose a corporate representative in Tesco's response.**

Weatherford's interrogatory asked the following: "Identify your most knowledgeable employees concerning the marketing, sales, job histories, and operation of the Pusher Arm."[5] This interrogatory did not ask Tesco to identify "all witnesses with knowledge about the Pusher Arm." This interrogatory did not ask Tesco to identify "all corporate representatives you plan to call at trial." This interrogatory asked only for the "most knowledgeable" employees, which were the individuals that Tesco named. There was no duty for Tesco to respond to this interrogatory with its corporate representative's name.

**B. The Rules Permit Testimony Under these Circumstances**

Tesco's prior corporate representative is not available for trial because he will be in Mexico during that time.[6] Tesco's decision to call another corporate representative is harmless to Weatherford. The representative is only going to testify about corporate topics, Weatherford can use Tesco's prior corporate representative deposition testimony to impeach him if he provides anything inconsistent. Further, Mr. Saxena has personally given a deposition (in the IPR), and can be impeached with it.

---

[5] Doc. 135 Exhibit 3 at 7.
[6] Exhibit A.

Courts across the country have allowed corporate representatives to testify under these same circumstances:

> Defendant argues that the testimony from a "surprise witness" identified only as an unnamed representative of Plaintiff should be excluded because Plaintiff is "laying an ambush for [Defendant] at trial." (ECF No. 160 at 6.) According to Defendant, "no local rule or practice standard permits [Plaintiff] to hide the identity of a live trial witness behind a generic designation." (*Id.*) Defendant claims that allowing such testimony will deprive Defendant of the opportunity to cross-examine that witness. (*Id.*)
>
> Plaintiff responds that it is entitled to have a corporate representative sit at counsel's table and testify on behalf of Plaintiff. (ECF No. 169 at 4.) Defendant has already deposed Plaintiff's corporate representative, but that particular individual is for some reason not available to testify at trial. (*Id.*) Moreover, in its Response, Plaintiff identified Ralph Reed as its corporate representative. (*Id.*)
>
> The Court agrees that Plaintiff is entitled to have a corporate representative sit at counsel's table and testify on behalf of Plaintiff at trial. Mr. Reed will nonetheless be held to the deposition testimony of Plaintiff's Rule 30(b)(6) deposition witness, as if he had been Plaintiff's Rule 30(b)(6) designee. In other words, Defendant will be allowed, if appropriate, to impeach Mr. Reed based on allegedly inconsistent Rule 30(b)(6) deposition testimony of Plaintiff's former designee.

*SUNFLOWER CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation, Plaintiff & Counterclaim Defendant, v. OWNERS INSURANCE COMPANY, Defendant & Counterclaimant.*, 16-CV-2946-WJM-NYW, 2018 WL 4901159, at *5 (D. Colo. Oct. 9, 2018). Similarly, the Middle District of Florida reached this same conclusion:

> The Court finds nothing disruptive about Coach calling [the never previously disclosed] Ms. Bangaree as its corporate representative at trial. Defendants understood Coach would present the testimony of a corporate representative, and they deposed Mr. Lau [previously designated Coach corporate representative], who was expected to serve in that capacity. Coach is now bound by Mr. Lau's deposition testimony, and Defendants may use that testimony for any purpose. *See* Fed.R.Civ.P. 32(a)(3). If Ms. Bangaree's testimony is consistent with Mr. Lau's, then Defendants will not be surprised. If her testimony is inconsistent with Mr. Lau's testimony, then Defendants can use Mr. Lau's deposition testimony to impeach Ms. Bangaree and Coach. For these reasons, the Court finds that Coach's failure to sooner disclose Ms. Bangaree was substantially justified and is harmless.

*Coach, Inc. v. Visitors Flea Mkt., LLC*, 6:11-CV-1905-ORL-22, 2014 WL 2612036, at *3 (M.D. Fla. June 11, 2014).[7]

**C. Weatherford's "Hearsay" Argument**

Weatherford's "hearsay" argument was shut down long ago by the Fifth Circuit in *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). In *Brazos*, the Fifth Circuit explained:

> When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions.
>
> * * *
>
> Also, because, under the rule 30(b)(6) framework, Grigsby acts as the agent for the corporation, he should be able to present Cajun's subjective beliefs as to whether the products were in breach of warranty, as long as those beliefs are based on the collective knowledge of Cajun personnel. Cajun argues that Grigsby had no personal knowledge of this matter under rule 602 and that rule 701 prohibits lay witnesses from testifying as to issues that are not within their personal perception. But Grigsby does not testify as to his personal knowledge or perceptions; as explained in *Resolution Trust*, he testifies "vicariously," for the corporation, as to its knowledge and perceptions.
>
> Accordingly, if a certain fact is within the collective knowledge or subjective belief of Cajun, Grigsby should be prepared on the issue by Cajun, and allowed to testify as to it, even if it is not within his direct personal knowledge, provided the testimony is otherwise permissible lay testimony. Thus, if it was within the corporate knowledge of Cajun that BRA sent Cajun a warranty claim, Grigsby should be allowed to testify as to it even if he did not have direct knowledge of it.

---

[7] There are many other district courts that have reached this same conclusion. *Riley v. Ford Motor Co.*, 2:09-CV-148-KS-MTP, 2011 WL 3236364, at *2 (S.D. Miss. July 27, 2011)("It is undisputed that Plaintiffs had the opportunity to depose Defendants' corporate representatives. Therefore, even if Defendants failed to comply with their disclosure obligations, Plaintiffs have not been prejudiced."); *Hooks v. GEICO Gen. Ins. Co., Inc.*, 3:13-CV-891-J-34JBT, 2016 WL 5415134, at *8 (M.D. Fla. Sept. 28, 2016)("Regardless, even if GEICO failed to properly disclose a corporate representative, Rule 37(c)(1) provides that a party may use an undisclosed witness at trial if "the failure was substantially justified or is harmless." See Rule 37(c)(1).[6] Jones testified with regard to corporate policies and documents that were plainly at issue during discovery and could have been addressed by any number of the GEICO employees on the witness list. Indeed, counsel for Hooks conceded that there was nothing in Jones' testimony that he could not have anticipated.").

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006) (Emphasis added). Pursuant to *Brazos*, Tesco is allowed to provide corporate testimony.

## IV. CONCLUSION

There is no requirement to disclose the name of a corporate representative witness in initial disclosures, and Weatherford never sent an interrogatory requesting such as disclosure. The current disclosure is substantially justified and harmless. Weatherford's "hearsay" argument contradicts the facts and Fifth Circuit law. For each of these reasons, Weatherford's motion should be denied.

Date: October 29, 2018

Respectfully submitted,

**RALEY & BOWICK, LLP**

*/s/ John Wesley Raley*
John Wesley Raley (lead counsel)
Robert M. Bowick
Bradford T. Laney
RALEY & BOWICK, LLP
1800 Augusta Drive, Suite 300
Houston, Texas 77057
713-429-8050 (telephone)
713-429-8045 (facsimile)
rbowick@raleybowick.com
jraley@raleybowick.com
blaney@raleybowick.com

**ATTORNEYS FOR DEFENDANTS TESCO CORPORATION, TESCO CORPORATION (US), AND TESCO OFFSHORE SERVICES, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 29, 2018. Any other counsel of record who has not consented to electric service will be served via facsimile transmission and/or first class certified mail, return receipt requested.

*/s/ John Wesley Raley*
**John Wesley Raley**