**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WEATHERFORD TECHNOLOGY HOLDINGS, LLC and WEATHERFORD U.S., L.P.,<br>*Plaintiffs,*<br>v.<br>TESCO CORPORATION, TESCO CORPORATION (US), AND TESCO OFFSHORE SERVICES, INC.<br>*Defendants.* | CIVIL ACTION NO. 2:17-cv-00456-JRG<br><br>JURY TRIAL DEMANDED |

**MOTION TO QUASH THE TRIAL SUBPOENA OF PAUL MEEKS**

Defendants (collectively referred to as "Tesco" Corporation) move to quash the trial subpoena served on Tesco former employee Paul Meeks ("Meeks") by Plaintiffs (collectively referred to as "Weatherford").

## I. INTRODUCTION

Weatherford's trial subpoena (Exhibit A) on Meeks should be quashed because: (1) Meeks no longer works for Tesco and would incur substantial expense if he is forced to attend trial, and (2) Meeks was already deposed at length by Weatherford, when Weatherford knew Meeks was not going to be available for trial because he had a pre-planned vacation out of the country.

## II. BACKGROUND FACTS

Weatherford sued Tesco for patent infringement. Trial in this case is scheduled to begin on December 3, 2018.

Meeks was formerly a Tesco employee. He resides in Houston, Texas.

Meeks was deposed at length, and Weatherford was given a full opportunity to question him. During Meeks's deposition, Tesco's counsel Robert Bowick informed Weatherford's counsel Boone Baxter that Meeks was going to be out of the country during trial. Specifically, Weatherford

was informed that Meeks was going to be in Cabo San Lucas, Mexico celebrating his 50th birthday with his family and close family friends. This information was shared to ensure that Weatherford knew to gather whatever testimony it needed from Meeks during his deposition.

Since Meeks's deposition, Meeks was released by Tesco as part of a company-wide reduction in force.

## III. WEATHERFORD'S SUBPOENA SHOULD BE QUASHED

Federal Rule of Civil Procedure 45(c)(1) states:

> (c) Place of Compliance.
>
> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
> (i) is a party or a party's officer; or
>
> (ii) is commanded to attend a trial and would not incur substantial expense.

Since Meeks is no longer an employee of Tesco, he can only be ordered to attend trial if he "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(ii).

Meeks will be in Cabo San Lucas, Mexico during trial. He has purchased tickets to fly from Houston, Texas to Cabo, San Lucas on Wednesday, December 5, 2018. Prior to his deposition, Meeks had already paid for the Cabo trip for himself *and* his family. This expense would have to be forfeited if he is ordered to attend trial. There is no way to compensate Meeks for the personal time and memories he will lose in the process.

Weatherford has already deposed Meeks by videotape. Weatherford was instructed during this deposition that Meeks would be unavailable at trial. To the extent that Meeks was deposed on 30(b)(6) topics, Weatherford can use the deposition to impeach Tesco's corporate representative at trial.

## III. CONCLUSION

For the reasons stated in this motion, Tesco urges the Court to quash Weatherford's subpoena (Exhibit A) and for any further relief to which it may be entitled under law or equity.

Date: November 7, 2018

Respectfully submitted,

**RALEY & BOWICK, LLP**

*/s/ John Wesley Raley*
John Wesley Raley (lead counsel)
Robert M. Bowick
Bradford T. Laney
RALEY & BOWICK, LLP
1800 Augusta Drive, Suite 300
Houston, Texas 77057
713-429-8050 (telephone)
713-429-8045 (facsimile)
rbowick@raleybowick.com
jraley@raleybowick.com
blaney@raleybowick.com

**ATTORNEYS FOR DEFENDANTS
TESCO CORPORATION,
TESCO CORPORATION (US), AND
TESCO OFFSHORE SERVICES, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that he has conferred with opposing counsel, that opposing counsel opposes the relief requested in this motion, and that the parties have reached an unresolvable impasse on this issue, necessitating court intervention.

*/s/ Robert M. Bowick*
**Robert M. Bowick**

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 7, 2018. Any other counsel of record who has not consented to electric service will be served via facsimile transmission and/or first class certified mail, return receipt requested.

*/s/ Robert M. Bowick*
**Robert M. Bowick**