IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WEATHERFORD TECHNOLOGY HOLDINGS, LLC, WEATHERFORD U.S., L.P., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:17-CV-00456-JRG |
| TESCO CORPORATION, TESCO CORPORATION (US), TESCO OFFSHORE SERVICES, INC., TESCO OFFSHORE SERVICES LLC, NABORS DRILLING TECHNOLOGIES USA, INC., CANRIG DRILLING TECHNOLOGY CANADA LIMITED, | § § § § § § § § § | |
| Defendants. | § | |

**ORDER MEMORIALIZING PRETRIAL MOTIONS**

The Court held Pretrial Hearings in this case on both November 9 and 13, 2018. At the Pretrial Hearings, the Court heard argument on certain pending motions in the above referenced case. Having considered the Parties' briefing and arguments, and for the reasons announced from the bench as well as more particularly set forth in this Order, the Court resolves such motions as follows:

Tesco's Motion to Quash the Trial Subpoena of Paul Meeks is **DENIED**. The Court intends to issue a separate written opinion in this regard which will provide a full explanation and analysis of the Court's ruling and which will provide direct guidance to the parties concerning Mr. Meeks.

Weatherford's Motion to Strike Mr. John Walker as a Testifying Witness (Dkt. No. 135) is **DENIED**. As Tesco represented during the hearing and approved by the Court, Tesco's corporate representative for the trial of this case will be Sudodh Saxena. He will be present

throughout the trial unless specific leave is sought and granted from the Court. Tesco is not permitted to change its corporate representative without leave of the Court.

Tesco's Consolidated Motion for Summary Judgment as to marking (Dkt. No. 109 at 9–13) is **GRANTED**. Weatherford's Motion for Partial Summary Judgment on Marking is **DENIED**. The Court is guided by its rulings in *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc., T-Mobile USA, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4183103 (E.D. Tex. Sept. 4, 2017), *rec. adopted*, 2017 WL 4251365 (E.D. Tex. Sept. 20, 2017), and *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc., T-Mobile USA, Inc.*, No. 2:16-cv-55-JRG-RSP, 2017 WL 5165606 (E.D. Tex. Oct. 15, 2017), *rec. adopted*, 2017 WL 5157687 (E.D. Tex. Nov. 7, 2017). The Federal Circuit and other district courts have made clear that once apparatus and method claims are asserted, as is the case here, the requirements of the marking statute are triggered. *Huawei*, 2017 WL 5165606, at *3 (collecting cases). This is true even where, as here, the apparatus claims are later dropped. Weatherford admits that the AutoCLAMP practiced some of the claims of the '637 Patent; thus, the AutoCLAMP was a tangible item to mark that would have given the public notice of the '637 Patent. Accordingly, Weatherford is precluded from recovering pre-notice damages under 35 U.S.C. § 287(a).[1]

Tesco's Consolidated Motion for Summary Judgment as to Indirect Infringement (Dkt. No. 109 at 13–15) is **DENIED AS MOOT** in light of the Parties' Stipulation (Dkt. No. 151) and counsels' representations made on the record.

Tesco's Consolidated Motion for Summary Judgment as to Joint Infringement (Dkt. No. 109 at 16–18, 30–37) is **DENIED AS MOOT** in light of the Parties' Stipulation (Dkt. No. 151) and counsels' representations made on the record.

---

[1] The date of notice is September 13, 2016.

Tesco's Consolidated Motion for Summary Judgment as to non-infringement (Dkt. No. 109 at 18–29) is **DENIED**. Based on the record before the Court, the Court is satisfied that sufficient questions of fact exist which properly preclude summary judgment.

Tesco's Consolidated Motion for Summary Judgment as to Claim 37 (Dkt. No. 109 at 29–30) is **DENIED AS MOOT** in light of the Parties' Stipulation (Dkt. No. 151) and counsels' representations made on the record.

Weatherford's Motion to Strike Undisclosed Invalidity Theories from Defendants' Expert Reports (Dkt. No. 104) is **GRANTED**. Accordingly, the Court **STRIKES** paragraphs 28, 32–38, 59–62, 72–73, 106–155 from Dr. Rodgers' Invalidity Report (Dkt. No. 104-1, Ex. 1), and paragraphs 24–26 of Dr. Rodgers' Non-Infringement Report (Dkt. No. 108-2, Ex. 2). The Court also **STRIKES** portions of the first sentence of paragraph 69 of Dr. Rodgers' Invalidity Report (Dkt. No. 104-1, Ex. 1). Such stricken portions recite: (1) "Sonnier, Tesco's MCLRS, and," and (2) "by themselves or in combination with other prior art references." Consequently, the first sentence should now read "[a]s discussed in more detail below, it is my opinion that Webre clearly invalidate[s] all of the asserted claims."

Weatherford's Motion to Strike Certain Opinions of Dr. John P. Rodgers Under Daubert, FRE 702, and FRCP 26 (Dkt. No. 108) is **GRANTED-IN-PART** but **DENIED-IN-PART**. More specifically, the Court **STRIKES** paragraphs 39–44 and 74 of Dr. Rodgers' Invalidity Report (Dkt. No. 108-1, Ex. 1), and paragraphs 84–85, the first sentence of paragraph 86, and the last sentence of paragraph 105 of Dr. Rodgers' Non-Infringement Report (Dkt. No. 108-2, Ex. 2).[2]

---

[2] In light of the Court's ruling, the Rogers prior art reference is not a pre-admitted exhibit and shall not be included on Defendants' Updated Trial Exhibit List.

Tesco's Consolidated Motion for Summary Judgment as to Anticipation by the *Webre* Reference (Dkt. No. 109 at 37–49) is **DENIED**. Weatherford's Motion for Partial Summary Judgment of No Anticipation Based on the *Webre* Reference (Dkt. No. 105) is **DENIED**.

Tesco's Consolidated Motion for Summary Judgment as to § 112 arguments (Dkt. No. 109 at 49–50) is **DENIED AS MOOT** in light of the Court's ruling on Weatherford's Motion to Strike Undisclosed Invalidity Theories from Defendants' Expert Reports (Dkt. No. 104).

Tesco's Consolidated Motion for Summary Judgment as to Enhanced Damages (Dkt. No. 109 at 51–53) is **DENIED**.

Tesco's Consolidated Motion for Summary Judgment as to dismissal of other Tesco entities (Dkt. No. 109 at 53) is **DENIED AS MOOT** in light of the Parties' representations to the Court that they will file motions to dismiss certain Tesco entities in conjunction with the Parties' Stipulation (Dkt. No. 151).

The Court also heard argument regarding Tesco's proposed use of the Pusher Arm as a demonstrative during the trial. The Court finds that use of the Pusher Arm as a demonstrative during the trial is not practical or necessary. The Pusher Arm is quite cumbersome (approximately ten feet tall and roughly 1,200 pounds). There is no realistic way to physically move it in and out the courtroom in an expeditious manner consistent with the Court's practice regarding use of demonstratives. Further, the suggestion that the jury view it in an open public area outside the courtroom while the witness offers his or her testimony and that testimony is taken by the Court's official reporter is wholly unworkable. Tesco is permitted to use an animation of the Pusher Arm to demonstrate how it operates, which animation can readily be presented over the monitors throughout the courtroom (including those monitors affixed within the jury box).

**So ORDERED and SIGNED this 13th day of November, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE
