**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WEATHERFORD TECHNOLOGY HOLDINGS, LLC,  WEATHERFORD U.S., L.P., | § § § | |
| | § | |
| Plaintiffs, | § § | |
| v. | § § | **CIVIL ACTION NO.  2:17-CV-00456-JRG** |
| TESCO CORPORATION,  TESCO CORPORATION (US),  TESCO OFFSHORE SERVICES, INC.,  TESCO OFFSHORE SERVICES LLC,  NABORS DRILLING TECHNOLOGIES USA, INC., CANRIG DRILLING TECHNOLOGY CANADA LIMITED, | § § § § § § § § | |
| Defendants. | § § | |

## ORDER ON MOTIONS *IN LIMINE*

Before the Court are the motions *in limine* by Plaintiffs Weatherford Technology Holdings, LLC and Weatherford U.S., L.P. (collectively, "Plaintiffs" or "Weatherford") (Dkt. No. 131) and Defendants Tesco Corporation, Tesco Corporation, U.S., Tesco Offshore Services, Inc., Tesco Offshore Services LLC, Nabors Drilling Technologies USA, Inc., and Canrig Drilling Technology Canada Limited (collectively, "Defendants" or "Tesco") (Dkt. No. 132). The Court held a pretrial conference on November 8, 2018, and heard oral argument on said motions. This Order summarizes and memorializes the Court's rulings as announced into the record.

### AGREED MOTIONS *IN LIMINE*

The following motions are **GRANTED-BY-AGREEMENT OF THE PARTIES**:

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

Weatherford MIL No. 1: Any evidence, testimony, opinion, or argument that is inconsistent the 30(b)(6) deposition testimony of Defendants on designated topics.

Weatherford MIL No. 8: Any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony that are inconsistent with the Court's Claim Construction Order.

Weatherford MIL No. 9: Any evidence, statement, or argument (including expert testimony), relating to invalidity positions or prior art not disclosed in Defendants' first amended invalidity contentions.

Weatherford MIL No. 10: Any references, testimony (including expert testimony), or inquiries attempting to elicit testimony relating to the petition for inter partes review filed by Defendants.

Weatherford MIL No. 11: References to Weatherford's alleged "hit the pipe" theory of infringement. Any reference to a theory of "memorizing" that Weatherford never offered in this case.

Weatherford MIL No. 13: Any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony comparing the Pusher Arm to prior art for purposes of infringement.

## WEATHERFORD'S OPPOSED MOTIONS *IN LIMINE*

With regard to Plaintiffs' following opposed motions *in limine*, the Court **ORDERS** as follows:

Weatherford MIL No. 2: Any testimony from Defendants' untimely-designated Witness, John Walker.

This motion *in limine* is **WITHDRAWN** by Weatherford.

Weatherford MIL No. 3: Any references, evidence, testimony (including expert testimony),

or inquiries attempting to elicit testimony regarding the fact that Weatherford dropped claims or causes of actions which were previously asserted.

This motion *in limine* is **GRANTED**. To the extent that Tesco argues for an apportionment of lost profits on a claim by claim basis, the Court is guided by the Federal Circuit's instruction that "Panduit's requirement that patentees prove demand for the product as a whole and the absence of non-infringing alternatives ties lost profit damages to specific claim limitations and ensures that damages are commensurate with the value of the patented features." *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1288 (Fed. Cir. 2017). Moreover, a patentee can still recover lost profits even when its product does not practice the asserted claims. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1381 (Fed. Cir. 2017) ("A patentee can recover lost profits even if its product does not practice the claimed invention, where the product directly competes with the infringing device."); *see also Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1548 (Fed. Cir. 1995).

<u>Weatherford MIL No. 4:</u> Any testimony, statement, opinion, or argument suggesting that the Patent Office and its examiners lack expertise, are overworked, not diligent, or prone to error.

This motion in *limine* is **GRANTED**. No party will cast aspersions or make denigrating statements or criticisms about the Patent and Trademark Office or its examiners.

<u>Weatherford MIL No. 5:</u> Any references, evidence, testimony (including expert testimony), arguments, or inquires attempting to elicit testimony that Weatherford has not asserted the '637 Patent against third-parties as a reason why those third-parties' products are non-infringing alternatives.

This motion *in limine* is **GRANTED**. The Court holds that the one and only proper comparison is the language of the claims as compared to the accused products. Tesco is precluded

from discussing third-party products that are not accused in this case, without prior leave of the Court. As with all *limine* orders, if a Party, by failing to comply with this Order, opens the door to such evidence, the Court will determine if the non-offending Party may properly go into such matters in response.

Weatherford MIL No. 6: Any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony that only asserted claims 34–36 can be considered when evaluating whether a proposed device is an available and acceptable non-infringing alternative.

This motion *in limine* is **GRANTED**. The Court further relies on the Parties' representations that this motion *in limine* is substantially similar to Weatherford's motion *in limine* number 3.

Weatherford MIL No. 7: Both sides should be precluded from arguing or otherwise suggesting that the claim terms have any other or further meaning than has been provided by the Court in its Claim Construction Order.

This motion *in limine* is **DENIED** as duplicative. The Court expects the Parties to abide by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the express language of its claim construction order.

Weatherford MIL No. 12: Any references, testimony (including expert testimony), or inquiries attempting to elicit testimony relating to any allegation that Weatherford engaged in false or fraudulent marketing by naming its tool the AutoCLAMP.

This motion *in limine* is **GRANTED**. Should Tesco wish to ask a witness about the naming of the AutoCLAMP, Tesco must first approach the Court and obtain leave.

Weatherford MIL No. 14: Any references, evidence, testimony (including expert

testimony), arguments regarding, or inquires attempting to elicit testimony regarding testimony or opinions offered by Mr. Walter Bratic that may have been excluded or found to be unreliable in any other lawsuits.

This motion *in limine* is **WITHDRAWN** by Weatherford.

Weatherford MIL No. 15: Any evidence or reference regarding subject matter that is privileged.

This motion *in limine* is **DENIED** as duplicative. The Court expects the Parties to abide by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

## TESCO'S OPPOSED MOTIONS *IN LIMINE*

With regard to Defendants' following opposed motions *in limine*, the Court **ORDERS** as follows:

Tesco MIL No. 1: Exclude testimony, evidence or argument of any reference to pre-trial disputes over discovery, any reference to any alleged failure or refusal on the part of Defendants or its prior counsel to provide Plaintiffs with requested discovery, any reference to the conduct or statements of Defendants' prior counsel or witnesses during discovery, any suggestion that Defendants failed to produce documents requested by Plaintiffs, any suggestion that Defendants have not engaged in good faith discovery or withheld or failed to produce any document or other material to which Plaintiffs claim to be entitled, any reference to the assertion of objections or the assertion of privileges that occurred pre-trial or during discovery, or any reference to the Court's pre-trial rulings regarding discovery.

This motion *in limine* is **GRANTED**.

Tesco MIL No. 2: Exclude testimony, evidence or argument of any reference to pre-trial disputes over venue, any reference to any motion to transfer or dismiss venue in the Eastern District

of Texas on the part of Defendants, any reference to the conduct or statements of Defendants' prior counsel or witnesses relating to venue challenges including orders striking certain testimony, or any judicial ruling regarding venue.

This motion *in limine* is **GRANTED**.

<u>Tesco MIL No. 3:</u> Exclude testimony, evidence or argument of a presumption of validity for the '637 Patent.

This motion *in limine* is **DENIED**.

<u>Tesco MIL No. 4:</u> Exclude testimony, evidence or argument of any reference to allegations of Defendants' "copying" Weatherford's unpatented AutoCLAMP tool of methods of using the same.

This motion *in limine* is **DENIED**. Evidence of copying the AutoCLAMP is relevant to Weatherford's claim of willful infringement, which is focused on the accused infringer's subjective knowledge of the *patent* at the time of the challenged conduct. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016).

<u>Tesco MIL No. 5:</u> Any reference to Defendants' sales, offers for sale, or use of the alleged infringing tools outside of the United States.

This motion *in limine* is **WITHDRAWN** by Tesco.

<u>Tesco MIL No. 6:</u> Any testimony from Plaintiffs' Damages Expert relating to patent claims no longer asserted, which includes testimony of lost profits.

This motion *in limine* is **DENIED**. The Court acknowledges the Parties' representations that this motion *in limine* is substantially similar to Weatherford's motions *in limine* number 3 and 6.

So **ORDERED** and **SIGNED** this 13th day of November, 2018.

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE