IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WEATHERFORD TECHNOLOGY HOLDINGS, LLC, WEATHERFORD U.S., L.P., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:17-CV-00456-JRG |
| TESCO CORPORATION, TESCO CORPORATION (US), TESCO OFFSHORE SERVICES, INC., TESCO OFFSHORE SERVICES LLC, NABORS DRILLING TECHNOLOGIES USA, INC., CANRIG DRILLING TECHNOLOGY CANADA LIMITED, | § § § § § § § § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTION
TO QUASH TRIAL SUBPOENA OF PAUL MEEKS**

Before the Court is Defendants Tesco Corporation, Tesco Corporation (US), Tesco Offshore Services, Inc., Tesco Offshore Services LLC, Nabors Drilling Technologies USA, Inc., Canrig Drilling Technology Canada Limited's (collectively, "Defendants" or "Tesco") Motion to Quash the Trial Subpoena of Paul Meeks (Dkt. No. 152), which was filed on November 7, 2018. The Court heard oral argument on the above pending motion at the Pretrial Hearing on November 8, 2018. (Dkt. No. 156.) Having considered the Parties' arguments and for the reasons set forth below, the Court finds that the Motion should be and hereby is **DENIED**.

I. **BACKGROUND**

Paul Meeks has been Tesco's corporate representative throughout the duration of this case.[1]

---

[1] Until the Court learned at the Pretrial Hearing on November 8, 2018 that Tesco had terminated him on November 6, 2018.

Initially, Tesco relied on him for declarations to support its Motion to Transfer Venue and its opposition to Weatherford's Motion to Compel. (*See, e.g.*, Dkt. No. 21-1, Ex. A (Declaration of Paul Meeks in Support of Defendants' Motion to Transfer Venue Under 28 U.S.C. § 1404(a)).) Tesco then designated Mr. Meeks as its 30(b)(6) witness,[2] and on July 27, 2018, Weatherford deposed Mr. Meeks on a number of designated topics as Tesco's 30(b)(6) witness. (Dkt. No. 135 at 6.) Tesco's experts rely heavily on this deposition transcript as well as separate conversations with Mr. Meeks as the factual underpinning of their opinions. (*See, e.g.*, Dkt. No. 108-2, Ex. 2 (Expert Declaration of Dr. John P. Rodgers on Non-Infringement).) Tesco's Consolidated Motion for Summary Judgment also asserts and relies on Mr. Meeks's deposition. (*See, e.g.*, Dkt. No. 109 at 24.)

On September 26, 2018, Tesco first identified Mr. John Walker—not Mr. Meeks—as its corporate representative for trial. (Dkt. No. 135-2, Ex. 1 at 2 (identifying John Walker as "Tesco Corp. Rep.").) Weatherford subsequently moved to strike Mr. Walker as a trial witness. (*See generally* Dkt. No. 135.) In its response, which was filed on October 30, 2018, Tesco acknowledged that Mr. Meeks was its "prior corporate representative" and argued that he was unavailable for trial. (Dkt. No. 143 at 1.)

On October 29, 2018, one day before filing its response to Weatherford's Motion to Strike Mr. John Walker as a trial witness, Tesco identified Mr. Meeks as the "Global Business Development Manager for Deepwater" at "Nabors Drilling Technologies USA, Inc. (formerly Tesco Corp. US)" in its trial witness list submitted as part of the Joint Final Pretrial Order. (*See* Dkt. No. 142-3, Ex. 3 (Defendants' Trial Witness List).) The Joint Final Pretrial Order was signed by Tesco's lead counsel Mr. Raley. (*See generally* Dkt. No. 142.)

---

[2] The Court notes that Tesco designated Mr. Meeks as its 30(b)(6) witness ***after*** this Court struck Mr. Meeks's venue declaration. (*See* Dkt. No. 135-16, Ex. 15 (Weatherford's 30(b)(6) Notice).)

On October 30, 2018, Weatherford served its Trial Subpoena for Mr. Meeks, and Tesco's counsel of record accepted it on his behalf. (*See* Dkt. No. 152-1, Ex. A.)

On November 7, 2018, Tesco filed its Motion to Quash the Trial Subpoena of Paul Meeks (the "Motion"). (*See generally* Dkt. No. 152.) In the Motion, Tesco argues that the trial subpoena should be quashed because (1) Meeks no longer works for Tesco and would incur substantial expense if forced to attend trial, and (2) Meeks was already deposed by Weatherford and Weatherford was aware that Meeks would be out of the country for trial. Notably, Tesco never put forward either of these arguments in its response to Weatherford's Motion to Strike Mr. John Walker, which was filed one week earlier. (*See* Dkt. Nos. 143, 148.) It is undisputed that Mr. Meeks resides in or near Houston, Texas. (*See* Dkt. No. 162, Hr'g Tr. at 36:24–37:1.)

At the Pretrial Hearing on November 8, 2018, the Court questioned Tesco's General Counsel, Mr. Nicholson. (*See* Dkt. No. 162, Hr'g Tr. at 61:24–65:2.) Mr. Nicholson informed the Court that (1) Mr. Meeks had been laid off as part of a reduction in force on November 5, 2018 (*see id.* at 64:1–13); (2) this reduction in force was intended to be a permanent termination of the employer-employee relationship (*see id.* at 64:14–65:1); (3) the Tesco HR Department was aware that Mr. Meeks was a witness in this case when the decision was made to lay him off (*see id.* at 63:9–65:25); and (4) Mr. Meeks's termination was communicated to Tesco's counsel on November 6, 2018. (*See id.* at 48:2–49:7, 58:5–13.)

The jury trial for this case is set to begin on December 3, 2018.

II. **ANALYSIS**

There are two issues that the Court must address: (1) whether Mr. Meeks can properly be compelled to testify; and (2) if he can, what can he testify to in light of his current status as a non-party witness (as opposed to his recently altered status as the corporate representative and 30(b)(6)

designee).

Fed. R. Civ. P. 45(c)(1)(B) provides that "[a] subpoena may command a person to attend a trial . . . within the state where the person resides, is employed, or regularly transacts business in person, if the person is a party or party's officer or is commanded to attend a trial and would not incur substantial expense." The Court acknowledges that in light of Mr. Meeks's eleventh-hour termination by Tesco, he is no longer a party or party's officer in this case. However, the Court can yet command him to attend trial if he would not incur "substantial expense." *See* Fed. R. Civ. P. 45(c)(1)(B)(ii). Further, substantial expense can be mitigated by ordering the party who served the trial subpoena to pay such expenses. *See* Fed. R. Civ. P. 45(c)(1)(B)(ii) Advisory Committee's Note ("When travel over 100 miles could impose substantial expense on the witness, the party that served the subpoena may pay that expense and the court can condition enforcement of the subpoena on such payment."). The Court concludes that it can properly enforce the trial subpoena and compel Mr. Meeks to testify live during the trial by transferring the cost of such attendance to Weatherford.

Having determined that Mr. Meeks can be compelled to testify as part of this trial, the Court now turns to the substance of Mr. Meeks's testimony. The Court finds the conditions of Mr. Meeks's termination suspiciously too convenient to be merely coincidental. Not only was Mr. Meeks terminated on the eve of trial, but Tesco terminated him knowing he was a witness in this case and subject to a trial subpoena.

Moreover, it is Tesco—not Weatherford—who has made Mr. Meeks the central witness in this case. On May 22, 2018, the Court struck Mr. Meeks's declaration, which was submitted in support of Tesco's Motion to Transfer Venue, as unreliable and factually flawed. (*See* Dkt. Nos. 53, 54.) Yet Tesco doubled-down on Mr. Meeks as its primary witness—first, by designating him

4

as its 30(b)(6) witness *for all noticed topics* (Dkt. No. 135 at 6), and second, by having both its technical expert and its damages expert rely on Mr. Meeks's testimony to come to their conclusions. In its motion for summary judgment, Tesco also relied on Mr. Meeks's description of how the Pusher Arm operated in its efforts to refute Weatherford's infringement position. While the credibility of every witness is always a relevant issue, Tesco's conscious and repeated decisions to essentially hinge its defense on Mr. Meeks have made his credibility a central issue before the Court and for the jury.

In light of the above, Tesco should not be allowed to prevent Mr. Meeks from testifying on matters related to his employment and Tesco's reliance on him in this case by terminating him at the last minute. Tesco knew Mr. Meeks was its representative in this case when it unilaterally elected to terminate its relationship with him. To the extent there is any prejudice here, it was knowingly created by Tesco when it elected to terminate his employment on November 5, 2018. Put simply, this is a problem of Tesco's own making.

Mr. Meeks's deposition testimony was given while he was employed by Tesco and designated as its 30(b)(6) representative. Tesco is bound to those answers and to that testimony. Fairness requires that, as to matters within the topics of Mr. Meeks's 30(b)(6) testimony, Mr. Meeks is to be considered Tesco's 30(b)(6) witness as of the time of trial. FRE 602's personal knowledge requirement shall not apply to those topics addressed at his 30(b)(6) deposition. As to matters outside the scope of Mr. Meeks's 30(b)(6) testimony, Mr. Meeks is to be considered an individual fact witness and FRE 602's personal knowledge requirement shall apply. Both Parties are free to explore Mr. Meeks's recent termination by Tesco and his current employment posture. However, counsel is instructed to approach and seek leave of the Court in the event and each time they intend to go outside the scope of Mr. Meeks's 30(b)(6) testimony.

Tesco is permitted to call its newly substituted corporate representative at trial, Mr. Sudodh Saxena, to testify as to matters both covered and not covered by Mr. Meeks. As Tesco's new corporate representative, Mr. Saxena is permitted to testify on matters within the corporation's knowledge. To the extent that his answers are inconsistent with Mr. Meeks's 30(b)(6) testimony, Weatherford is permitted to use Mr. Meeks's 30(b)(6) deposition and his testimony at trial to impeach him. Counsel for Weatherford is instructed to approach and seek leave of the Court before presenting any such impeachment evidence before the jury.

Regarding Weatherford's efforts to attack the credibility of Mr. Meeks while he testifies, the Court's *limine* rulings (Dkt. No. 166) shall be applied. Additionally, neither Party **under any circumstances** shall publish to the jury the Court's prior Orders addressing the credibility of Mr. Meeks (Dkt. Nos. 52, 53, 54).

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Tesco's Motion to Quash the Trial Subpoena of Paul Meeks. (Dkt. No. 152.) Accordingly, it is **ORDERED** that Mr. Meeks be required to appear and testify at the jury trial set to begin on December 3, 2018. Since he is subject to subpoena, he will be present throughout the trial or until released by the Court. It is further **ORDERED** that Weatherford bear the reasonable cost of Mr. Meeks's travel, accommodations, and meals during the trial.

To the extent that Mr. Meeks incurs costs in rescheduling travel (for only himself) that has previously been scheduled, he may submit a separate request for reimbursement to Weatherford, with a copy to the Court for review and approval. Such reimbursement request shall include his sworn declaration, supporting receipts, and any other independent documentation that may be appropriate. The Court's determination of reasonable as to such a request for reimbursement shall

be binding on Mr. Meeks and the Parties.

Additionally, the Parties are instructed that because Mr. Meeks will be testifying live at trial, his deposition video should not be used at trial by either Party, unless for the sole purpose of impeachment and with prior leave of the Court.

To avoid any confusion among the parties, to the extent any prior instructions from the Court might be unclear or inconsistent with the instructions herein, this Order shall control. Counsel for Tesco shall cause a signed copy of this Order to be delivered to Mr. Meeks within twenty-four (24) hours of their receipt of this Order. Upon delivery of the Order to Mr. Meeks, counsel for Tesco shall file a notice with the Clerk that it has complied herewith.

**So ORDERED and SIGNED this 14th day of November, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE